**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

**FABIAN RAMOS SALAS**,

*Petitioner*,

v.

**LUIS SOTO**, ***et al.***,

*Respondents*.

No. 26-cv-12257

**ORDER**

The Court is in receipt of the Petition for Writ of Habeas Corpus, (ECF No. 1), in which Petitioner alleges that they are being unlawfully detained without a bond hearing. **IT IS ORDERED** that, if Petitioner was initially detained pursuant to 8 U.S.C. § 1225(b)(2), their detention is unlawful under *Buele Morocho v. Warden Phila. FDC*, No. 26-1150, 2026 WL 2546223 (3d Cir. Aug. 28, 2026), and Respondents shall immediately release Petitioner from custody under the same conditions that existed before their current detention, return all property to them, and promptly file a letter on the docket so confirming; and it is further

**ORDERED** that, if Petitioner is not released, Respondents shall, within three (3) calendar days of this Order, file a letter on the docket addressing whether Petitioner: (1) has a criminal history warranting mandatory detention under 8 U.S.C. § 1226(c); (2) is subject to a final order of removal; or (3) was initially detained pursuant to 8 U.S.C. § 1226(a) and afforded a bond hearing. Respondents are further reminded that the Court will not accept a "post hoc justification[] for detention." *Arias Gudino v. Lowe*, 785 F. Supp. 3d 27, 46 n.8 (M.D. Pa. 2025); *cf. Marshall v. Lansing*, 839 F.2d 933, 943-44 (3d Cir. 1988) ("A court must review the agency's actual on-the-record reasoning process... not a post hoc rationalization, or agency counsel's in-court

reasoning.”). Accordingly, if Respondents contend that § 1226(a) supplied the authority for Petitioner’s detention from the outset, they must provide competent proof establishing that fact[1]; and it is finally

**ORDERED** that the Clerk of the Court shall forward a copy of the Petition, (ECF No. 1), and this Order to the United States Attorney’s Office at the following email address: USANJ-HabeasCases@usdoj.gov

**CHRISTINE P. O’HEARN**
**United States District Judge**

Dated: September 18, 2026

[1] To the extent Respondents contend that Petitioner is detained pursuant to 8 U.S.C. § 1231 based on a final order of removal, their submission shall address whether Petitioner is subject to mandatory detention during the ninety-day statutory removal period or discretionary detention under § 1231(a)(6) and shall identify the factual and legal basis for that position. If Petitioner is not subject to mandatory detention, Respondents shall further address (1) whether Petitioner was previously released under an order of supervision and (2) the factual basis for any contention that there is a significant likelihood of removal in the reasonably foreseeable future, including all efforts undertaken to effectuate Petitioner’s removal since entry of the final removal order. *See Egharevba v. Benzel*, No. 26-10628, 2026 WL 2655018 (D.N.J. Sept. 9, 2026); *Munoz-Saucedo v. Pittman*, 789 F. Supp. 3d 387 (D.N.J. 2025).