**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

**FABIAN RAMOS SALAS**,

*Petitioner*,

v.

**LUIS SOTO**, ***et al.***,

*Respondents*.

No. 26-cv-12257

**ORDER**

**THIS MATTER** comes before the Court upon the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1). Respondents filed a response to the Petition. (ECF No. 7).

**WHEREAS**, Petitioner alleges that he entered the United States approximately twenty-one years ago and has resided continuously in the country since that time. (Pet., ECF No. 1 ¶ 5). He has two daughters who are U.S. citizens, owns and operates a business in New Jersey, and has paid federal taxes for several years. (*Id.* ¶¶ 7–9). Petitioner acknowledges several prior motor-vehicle offenses, the most serious of which is a 2023 municipal court conviction for driving under the influence without causing personal injury. (*Id.* ¶¶ 39–41; Gov't Ex., ECF No. 7-1). Petitioner was arrested and detained by U.S. Immigration and Customs Enforcement ("ICE") on September 14, 2026, in New Jersey. (*Id.* ¶ 10). He is presently detained at Delaney Hall Detention Facility. (*Id.*); and

**WHEREAS**, this Court entered an Order on September 18, 2026, (ECF No. 5), directing that, if Petitioner was initially detained pursuant to 8 U.S.C. § 1225(b)(2), his detention is unlawful under *Buele Morocho v. Warden Phila. FDC*, No. 26-1150, 2026 WL 2546223 (3d Cir. Aug. 28,

2026), and Respondents were required to immediately release Petitioner under the conditions that existed before his current detention. The Court further directed that, if Petitioner was not released, Respondents were required to advise the Court within three calendar days whether Petitioner: (1) has a criminal history warranting mandatory detention under 8 U.S.C. § 1226(c); (2) is subject to a final order of removal; or (3) was initially detained pursuant to 8 U.S.C. § 1226(a) and afforded a bond hearing. (*Id.*);

**WHEREAS**, on September 22, 2026, Respondents filed a response which purports to respond to the Court's Order and which Respondents acknowledge is untimely. (ECF No. 7); and

**WHEREAS**, even if the Court deems the response timely filed *nunc pro tunc*, Respondents' submission otherwise fails to comply with the Court's Order. Indeed, the response quotes language it attributes to the Court's Order that does not appear in that Order. (*See* ECF No. 7 at 1).[1] Furthermore, Respondents state that Petitioner is "currently detained without bond pursuant to 8 U.S.C. § 1225(b)(2)," (ECF No. 7 at 1), which is precisely the circumstance requiring immediate release under the Court's prior Order. And Respondents supply no documents or other facts concerning the statutory basis for Petitioner's detention other than the municipal-court record concerning Petitioner's 2023 conviction for driving under the influence that Petitioner previously disclosed in his Petition; and

**WHEREAS**, although Respondents emphasize that Petitioner has a "criminal history," they do not contend that this municipal offense renders Petitioner subject to mandatory detention

[1] The Government is reminded that, regardless of the volume of immigration habeas matters—which has equally impacted the Court—the Court individually reviews each petition upon filing and Respondents should accordingly carefully review each Order to ensure compliance. The Court has recently observed untimely filings by the Government in these matters. To the extent Respondents seek an extension of any deadline imposed by the Court, any such request shall be made before the expiration of that deadline.

under § 1226(c), nor do they identify any other criminal history that would do so.[2] Respondents also do not contend that Petitioner is subject to a final order of removal, or that he was initially detained pursuant to § 1226(a) and afforded a bond hearing; and

**WHEREAS**, while Respondents request an additional fourteen days to file a supplemental submission should the Court determine that further proceedings are necessary, the Court declines to permit Petitioner's continued detention under § 1225(b)(2) while Respondents seek to identify some alternative, *post-hoc* rationale for detention. Respondents have confirmed the statutory basis for Petitioner's current detention, and *Buele Morocho* and the Court's prior Order undoubtedly require release under such circumstances; therefore

**IT IS** on this, 24th day of September, 2026,

**ORDERED** that Respondents shall immediately release Petitioner from custody under the same conditions that existed prior to his current detention and with all property taken from him at the time of arrest. Respondents shall promptly file a letter on the docket confirming Petitioner's release and compliance with this Order; and it is further

**ORDERED** that Respondents are **PERMANENTLY ENJOINED** from rearresting or otherwise detaining Petitioner under § 1225, which this Court has found inapplicable to him; and it is further

---

[2] Although the Third Circuit in *Buele Morocho* mentioned the fact that the petitioners had "no criminal records" in its due process analysis, 2026 WL 2546223, at *8–10, this Court does not read *Buele Morocho* as holding that a noncitizen with *any* criminal record, no matter how stale or minor, is subject to mandatory detention without bond. Rather, the Third Circuit expressly distinguished noncitizens subject to § 1226(c), which "imposes mandatory detention of certain noncitizens in the United States who have committed enumerated criminal offenses," and noted that § 1226(c) did not apply to the petitioners there. *Id.* at *1 n.3. Accordingly, unless Respondents contend that Petitioner is subject to mandatory detention under § 1226(c), the mere existence of what they unilaterally deem "criminal history" does not authorize his continued detention without bond under § 1225(b)(2).

**ORDERED** that Respondents shall not arrest, detain, or otherwise take Petitioner into custody under 8 U.S.C. § 1226(a) for a period of fourteen (14) days following his release, to ensure full effectuation of this Court's judgment and to prevent circumvention of the relief granted[3]; and

**ORDERED** that, to the extent that Respondents seek to re-arrest or otherwise re-detain Petitioner, this Court shall retain jurisdiction over the matter and Petitioner may move to reopen these proceedings before this Court without the need to file a new habeas petition.

Christine P. O'Hearn

**CHRISTINE P. O'HEARN**
**United States District Judge**

[3] But nothing in this Order shall be construed as enjoining Respondents from re-detaining Petitioner in the event of materially changed circumstances bearing on the statutory basis for detention.